IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) NO. 2:24-CR-1 |
| | ) |
| COTY LEE ARNOLD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's objection to the Presentence Report's application of U.S.S.G. § 3A1.2(c)(1) six-level enhancement. At the prior sentencing hearing the Court ordered additional briefing and development of the record to determine this enhancement's applicability.

**I.    BACKGROUND**

On October 17, 2023, Defendant robbed a branch of Eastman Credit Union. Three days later on October 20, 2023, at 4:42 p.m. Defendant robbed a branch of the Greater Eastman Credit Union located at 2110 W. Mountcastle Drive in Johnson City, Tennessee. Immediately after committing that robbery, Defendant entered his white two-door Honda Accord and fled the scene. Defendant traveled from GECU and arrived at Wal-Mart in Unicoi County, Tennessee at 5:04 p.m. where he picked up an order placed earlier that day. Defendant then left Wal-Mart and reentered Interstate I-26. At approximately 5:09 p.m., Tennessee Highway Patrol Savannah Maddox located Defendant's vehicle near Exit 34 in Unicoi County and attempted to conduct a traffic stop [Doc. 38-4, pg. 2]. At this point, Defendant fled, and a high-speed chase ensued. Defendant reached speeds of over 100 m.p.h. and passed several vehicles on the right shoulder of the interstate. In

1

the course of evading arrest, Defendant struck or sideswiped a Erwin Police Department's patrol car, damaging the unit. Trooper Kyle Wilking continued the pursuit and was able to ram the back of Defendant's vehicle causing it to run off the roadway and ultimately stop. Defendant was then taken into custody.

## II.     DISCUSSION

A Grand Jury indicted Defendant for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Defendant pled guilty to Count one, which charged him with the October 17, 2023 bank robbery, but admitted to the conduct occurring on October 20, 2023 in his Plea Agreement.

The PSR applied the six-level enhancement in U.S.S.G. § 3A1.2(c)(1). This enhancement provides as follows:

> If, in a manner creating a substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable-
>
> (1) knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom…increase by 6 levels.

U.S.S.G. § 3A1.2(c)(1). Defendant contends this enhancement does not apply because he only pled to Count 1, the robbery on October 17, 2023. He did not plead guilty to Count 2, the robbery on the October 20, 2023. But Defendant admitted to committing the October 20, 2023 robbery and fleeing thereafter. "Under the Sentencing Guidelines, the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." *Witte v. United States*, 515 U.S. 389, 393, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). It includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. 1B1.3(a)(1)(A). Thus, that he did not plead to the October 20, 2023 is of no import.

There also is no issue about whether Defendant created a substantial risk of serious bodily injury. He was attempting to evade law enforcement by traveling in excess of 100 m.p.h. down the interstate. He then sideswiped a marked Erwin Police patrol unit in the course of his flight, damaging the unit. Striking a marked patrol car is an assault. To the extent Defendant argues he had no intention on causing bodily injury, such is not required. In *United States v. Coleman*, 664 F.3d 1047 (6th Cir. 2012), the Sixth Circuit rejected the argument that intent to cause bodily injury was required for the application of the official-victim enhancement. *Id.* at 1051. And, in *United States v. Bowers*, No. 22-6095, 2024 WL 366247, at *4 (6th Cir. Jan. 31, 2024), the Sixth Circuit approved the district court's application of the six-level enhancement under § 3A1.2(c)(1) based on the defendant running an officer off the road.

With Defendant creating a substantial risk of serious bodily injury being met, and Defendant assaulting an officer by striking a marked Erwin Police unit, the only issue remaining is whether that assault occurred "during the course of the offense or immediate flight therefrom…." And here the only issue is whether the assault occurred in the immediate flight therefrom. The Government notes that in "assessing what flight is sufficiently immediate[] . . . require[s] that there have been '*no break in the chain of events*,' as to which a most important consideration is whether the fleeing felon has reached a '*a place of temporary safety*.'" [Doc. 38, pg. 5](quoting 2 Wayne R. LaFave, Substantive Criminal Law § 14.5(f)(1) (3d ed. 2018)). In *United States v. Patton*, 927 F.3d 1087, 1100 (10th Cir. 2019), the Tenth Circuit noted that determining "immediate flight" is a fact-intensive exercise "that requires attention to the broad context of the crime." *Id.* at 1101.

In this case, Defendant argues his intervening stop at Wal-Mart is a break in the chain of events significant enough disconnect the robbery from his subsequent flight. Thus, his flight –

3

when it occurred – was no longer considered "immediate." From the temporal standpoint, his evading arrest occurred within 26 minutes from the time of the robbery. So the issue here is not one of time. Rather, did his stop at Wal-Mart break the chain in events. This Court concludes that it does not. Stopping by the store to pick up items is not "a place of temporary safety" that breaks the chain. Defendant in fact did not consider Wal-Mart a place of temporary safety because he drove up, picked up his items, and immediately left. To be sure, Defendant was on his way to a place of temporary safety but Wal-Mart was not that place. Accordingly, the PSR correctly applied the six-level enhancement in U.S.S.G. § 3A1.2(c)(1). Defendant's objection is **OVERRULED**.

    **SO ORDERED**:

s/Clifton L. Corker  
United States District Judge
